In the Matter of the Claim of MORRIS M. SHAPIRO, Respondent, against CENTRAL POULTRY CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 18, 1954.

*Arthur B. Erenstoft* for appellants.

*George Rifkin* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

COON, J. An award has been made to claimant for disability under the Disability Benefits Law (Workmen's Compensation Law, art. 9), and the employer and carrier appeal from such award on the ground that claimant's disability was not the result of " injury or sickness ", which the statute prescribes.

Claimant was a schochet and was employed to slaughter chickens by his employer. In mid-June, 1951, a member of claimant's family became ill with typhoid fever. In a routine investigation to determine the source of the disease, claimant was required to submit stool specimens and urine specimens,

and was found to be a typhoid carrier. He was thereupon ordered by the board of health to cease his employment; was forbidden to be on the employer's premises, and was prohibited from engaging in any occupation which involved food handling or in any occupation connected therewith. His union and his employer were likewise notified of this prohibition. As a result claimant was unemployed beginning July 7, 1951.

Claimant, although many tests showed the presence of typhoid organisms in his system, was asymptomatic, and was not physically disabled to a point which required him to be bedridden or inactive. It is the claim of appellants that claimant's exclusion from employment was due to the order of the board of health and not to any sickness suffered by claimant.

Subdivision 8 of section 201 of the Workmen's Compensation Law provides, in part: "'Disability' during employment means the inability of an employee, as a result of injury or sickness not arising out of and in the course of an employment, to perform the regular duties of his employment or the duties of any other employment which his employer may offer him at his regular wages and which his injury or sickness does not prevent him from performing." Subdivision 7 of the same section provides a specific definition, as follows: "'Injury' and 'sickness' mean accidental injury, disease, infection or illness."

With these statutory provisions in mind, it is to be noted that claimant was subjected to many tests and was hospitalized for tests and treatment. He testified that he was ill and had performed no work since July 7, 1951. His personal physician testified that claimant was unable to work at his trade by virtue of being a typhoid carrier; that claimant "is infected with typhoid" and, "It is an infection because he is infected with certain organism — with the typhoid organism." It seems clear that claimant was unable to perform the regular duties of his employment as a result of "disease, infection or illness" within the meaning of the Disability Benefits Law. This law is a part of the Workmen's Compensation Law, is social legislation to relieve workmen from distress because of inability to work, and should be liberally construed. There is no requirement in the law that a claimant must be "laid low" by a disease, infection or illness. It is sufficient if he actually had a disease, infection or illness which rendered him unable to perform the duties of his employment. Moreover, it is quite apparent from the record that a question of fact was presented, and the board's

decision that claimant's disability is the result of infection and illness is final.

The award should be affirmed, with one bill of costs to be divided between claimant-respondent and the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Award affirmed, with one bill of costs to be divided between the claimant-respondent and the Workmen's Compensation Board.